UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JENNIFER L. SUCHARDA, | **COMPLAINT & JURY DEMAND** |
| 1102 Sunnyslope Drive, Apartment #203 | |
| Mount Pleasant, Wisconsin 53406, | Civil Case No. 2:21-cv-690 |
| | Case Type: Personal Injury – Product Liability |
| and            Plaintiff, | |

WISCONSIN COLLABORATIVE INSURANCE COMPANY,
N17 W24340 Riverwood Drive
Waukesha, Wisconsin 53188,

AURORA HEALTH CARE, INC. HEALTH AND WELFARE PLAN,
3305 West Forest Home Avenue
Milwaukee, Wisconsin 53215, and

GEICO INDEMNITY COMPANY,
5260 Western Avenue
Chevy Chase, Maryland 20815,

vs.            Involuntary Plaintiffs,

REDA INNOVATIONS, LLC,
10924 Royal Glen Drive
Orland Park, Illinois 60467,

OHIO SECURITY INSURANCE COMPANY,
175 Berkeley Street
Boston, Massachusetts 02116,

PROGRESSIVE UNIVERSAL INSURANCE COMPANY,
6300 Wilson Mills Road W33
Cleveland, Ohio 44143,

JANE E. HENDERSON,
22324 Durand Avenue
Kansasville, Wisconsin 53139,

TWISTED TWIN CUSTOM MOTORCYCLES, LLC,
72447 M-43
South Haven, Michigan 49090, and

ABC INSURANCE COMPANY,
A foreign or domestic corporation
Present Name and Address Unknown,

                Defendants.

**COMPLAINT AND JURY TRIAL DEMAND**

**PARTIES**

1. At all times mentioned, the Plaintiff, JENNIFER L. SUCHARDA, was at the time of the incident and currently is domiciled at 1102 Sunnyslope Drive, Apartment #203, Mount Pleasant, Wisconsin 53406.

2. At all times mentioned, the Involuntary Plaintiff, WISCONSIN COLLABORATIVE INSURANCE COMPANY, was at the time of the incident and currently is a corporation with its principal place of business located at N17 W24340 Riverwood Drive, Waukesha, Wisconsin 53188, and upon information and belief, made medical payments on behalf of the Plaintiff, JENNIFER L. SUCHARDA. The Plaintiff, JENNIFER L. SUCHARDA, alleges doubt as to whether the Involuntary Plaintiff, WISCONSIN COLLABORATIVE INSURANCE COMPANY, is truly subrogated or interested in this action.

3. At all times mentioned, the Involuntary Plaintiff, AURORA HEALTH CARE, INC. HEALTH AND WELFARE PLAN, was at the time of the incident and currently is a corporation with its principal place of business located at 3305 West Forest Home Avenue, Milwaukee, Wisconsin 53215, and upon information and belief, made short term and/or long-term disability benefits on behalf of the Plaintiff, JENNIFER L. SUCHARDA. Upon information and belief, the Defendant, AURORA HEALTH CARE, INC. HEALTH AND WELFARE PLAN, is a health plan governed by the federal Employee Retirement Income Security Act of

1974 (ERISA) and alleges to have made payments on behalf of the Plaintiff, JENNIFER L. SUCHARDA, and therefore is joined as an Involuntary Plaintiff for the purpose of complying with the provisions of Wis. Stat. § 803.03. The Plaintiff, JENNIFER L. SUCHARDA, alleges doubt as to whether the Involuntary Plaintiff, AURORA HEALTH CARE, INC. HEALTH AND WELFARE PLAN, is truly subrogated or interested in this action.

4. At all times mentioned, the Involuntary Plaintiff, GEICO INDEMNITY COMPANY, was at the time of the incident and currently is a foreign corporation with its principal place of business located 5260 Western Avenue, Chevy Chase, Maryland 20815. The Involuntary Plaintiff, GEICO INDEMNITY COMPANY, was the liability insurance carrier for the Plaintiff, JENNIFER L. SUCHARDA, and alleges to have made payments under the medical payment provisions of their policy, on behalf of the Plaintiff, JENNIFER L. SUCHARDA, and therefore, is joined as an Involuntary Plaintiff.

5. At all times mentioned, the Defendant, REDA INNOVATIONS, LLC, was at the time of the incident and currently is a foreign corporation with its principal place of business located at 10924 Royal Glen Drive, Orland Park, Illinois 60467. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, is the manufacturer/distributor of aftermarket motorcycle parts for saddlebags including but not limited to fasteners, washers and saddlebag locks.

6. At all times mentioned, the Defendant, OHIO SECURITY INSURANCE COMPANY, was at the time of the incident and currently is a foreign corporation with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. Upon information and belief, the Defendant, OHIO SECURITY INSURANCE COMPANY, was at all times material herein the liability insurance carrier of the Defendant, REDA INNOVATIONS,

LLC, and had a policy in effect covering this defendant against liability imposed upon them by law for damages caused by negligent acts and is therefore a proper party to this action pursuant to Fed. R. Civ. P. 17.

7. At all times mentioned, the Defendant, PROGRESSIVE UNIVERSAL INSURANCE COMPANY, was at the time of the incident and currently is a foreign corporation with its principal place of business located at 6300 Wilson Mills Road W33, Cleveland, Ohio 44143. Upon information and belief, the Defendant, PROGRESSIVE UNIVERSAL INSURANCE COMPANY, was at all times material herein the liability insurance carrier of the Defendant, JANE E. HENDERSON, and had a policy in effect covering this individual against liability imposed upon them by law for damages caused by negligent acts and is therefore a proper party to this action pursuant to Fed. R. Civ. P. 17.

8. At all times mentioned, the Defendant, JANE E. HENDERSON, was at the time of the incident and currently is domiciled at 22324 Durand Avenue, Kansasville, Wisconsin 53139.

9. At all times mentioned, the Defendant, TWISTED TWIN CUSTOM MOTORCYCLES, LLC, was at the time of the incident and currently is a foreign corporation with its principal place of business located at 72447 M-43, South Haven, Michigan 49090. Upon information and belief, the Defendant, TWISTED TWIN CUSTOM MOTORCYCLES, LLC, is a motorcycle shop that provides customization to motorcycles.

10. Defendant, ABC INSURANCE COMPANY, is a foreign or domestic corporation whose name, address, registered agent, registered offices and state of incorporation of which are presently unknown to the Plaintiff, JENNIFER L. SUCHARDA, and that in place of the actual name of the Defendant insurance company, a fictitious name is being used for the Defendant

pursuant to Wis. Stat. § 807.12; that upon information and belief, the Defendant, ABC INSURANCE COMPANY, provided liability insurance to Defendant, TWISTED TWIN CUSTOM MOTORCYCLES, LLC, and also provided liability insurance insuring for any potential negligence of the agent, servant and/or employee, the Defendant, ABC INSURANCE COMPANY, and that by reason of said insurance policy and the alleged negligence of the Defendant, TWISTED TWIN CUSTOM MOTORCYCLES, LLC, and the provisions of Wis. Stat. § 803.04(2); the Defendant, ABC INSURANCE COMPANY, is a proper party Defendant herein.

## JURISDICTION AND VENUE

11. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through ten (10) with the same force and effect as though fully set forth herein.

12. Plaintiff, JENNIFER L. SUCHARDA, brings her complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

13. Venue is proper in this Judicial District as the plaintiff resides in this district and the acts and omissions complained of occurred in this district.

## ALLEGATIONS

14. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirteen (13) above with the same force and effect as though fully set forth herein.

15. Plaintiff, JENNIFER L. SUCHARDA, for her cause of action against the Defendants, REDA INNOVATIONS, LLC, OHIO SECURITY INSURANCE COMPANY,

PROGRESSIVE UNIVERSAL INSURANCE COMPANY, JANE E. HENDERSON, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, and ABC INSURANCE COMPANY, herein, and states and alleges that:

**COUNT ONE: STRICT/PRODUCT LIABILITY: REDA INNOVATIONS, LLC**

16. Plaintiff repeats and re-alleges all of the allegations contained in paragraphs one (1) through fifteen (15) above, as if set forth in full herein, incorporate same by reference, and further alleges as follows:

That at all times material hereto the product was defective and unreasonably dangerous for any one or more, and not limited to, reasons:

a. Upon information and belief it contained a manufacturing defect which departed from its intended design even though all possible care was exercised in the manufacture of the product as evidenced by the fact that it suddenly and without warning fell off of the motorcycle of the Defendant, JANE E. HENDERSON, even though she was not misusing the product.

b. The foreseeable risks of harm posed by the product's design could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design rendered the product not reasonably safe with said alternative design.

c. The inadequate instructions and warnings which did not properly or adequately instruct and/or warn of the foreseeable risk of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and the omission of the instructions or warnings rendered the product not reasonably safe.

    d. Given the highly unstable nature of the product and its susceptibility to rattle loose causing the saddlebag to become unhinged renders the product is simply too dangerous to sell to consumers and should be banned from consumer use.

17. The defective condition rendered the product unreasonably dangerous to persons or property.

18. The defective condition existed at the time the product left control of the manufacturer.

19. The product reached its customers/clients without substantial change in the condition in which it was sold.

20. That as a direct and proximate result of the defective condition of the product, the Plaintiff, JENNIFER L. SUCHARDA, suffered injuries and damages including, but not limited to, past and future pain, suffering, disability and disfigurement, past loss of earnings, and past and future medical and hospital bills.

## COUNT TWO: NEGLIGENCE: REDA INNOVATIONS, LLC

21. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through twenty (20) with the same force and effect as though fully set forth herein.

22. At all times mentioned herein, the Plaintiff, JENNIFER L. SUCHARDA, was the driver of a certain 2012 Harley Davidson FLHX Motorcycle, in which said vehicle was owned by the Plaintiff, JENNIFER L. SUCHARDA.

23. At all times mentioned herein, the Defendant, JANE E. HENDERSON, was the owner and operator of a certain 2012 Harley Davidson HD FLSTN Motorcycle on July 19, 2018. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, manufactured

7

Case 2:21-cv-00690-LA   Filed 06/03/21   Page 7 of 16   Document 1

saddlebag motorcycle parts that were installed in the motorcycle driven by the Defendant, JANE E. HENDERSON by the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC.

24. On or about July 19, 2018, the Plaintiff, JENNIFER L. SUCHARDA, was the driver of a vehicle that was traveling northbound on Interstate 94 at or near the 27th Street exit, in the Village of Caledonia, in the County of Racine, in the State of Wisconsin. The Plaintiff, JENNIFER L. SUCHARDA, was traveling directly behind the vehicle driven by the Defendant, JANE E. HENDERSON.

25. On or about July 19, 2018, the Defendant, JANE E. HENDERSON, was operating said 2012 Harley Davidson HD FLHX Motorcycle, northbound on Interstate 94 at or near the 27th Street exit, in the Village of Caledonia, in the County of Racine, in the State of Wisconsin. The Defendant, JANE E. HENDERSON's, 2012 Harley Davidson FLSTN Motorcycle was traveling directly in front of the vehicle driven by the Plaintiff, JENNIFER L. SUCHARDA, when the right saddlebag became unhinged from her motorcycle landing in the roadway in the lane of travel of the Plaintiff, JENNIFER L. SUCHARDA, causing the Plaintiff's motorcycle to strike the saddlebag and also causing injury to the Plaintiff.

26. As a direct and proximate result of the Defendant, REDA INNOVATIONS, LLC's, negligence and the resulting incident, the Plaintiff, JENNIFER L. SUCHARDA, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $320,411.64 and will continue in the future to incur medical expenses on account of such bodily injuries; and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact, has incurred a loss

8

of wages, and property damage. The Plaintiff, JENNIFER L. SUCHARDA, has incurred expenses and has generally been damaged in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

## COUNT THREE: FAILURE TO WARN: REDA INNOVATIONS, LLC & TWISTED TWINS CUSTOM MOTORCYCLES, LLC

27. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through twenty-six (26) with the same force and effect as though fully set forth herein.

28. The Defendant, REDA INNOVATIONS, LLC, was upon information and belief, the manufacturer/distributor of aftermarket saddlebag parts.

29. The Defendant, REDA INNOVATIONS, LLC, through their own admission, through advertisement on their website, identify the degrees of saddlebag locks. They identify some as no good, good, better, and very best.

30. The Defendant, REDA INNOVATIONS, LLC, identify the "very best" saddlebag lock they sold means "your bag cannot accidentally vibrate loose and fall off your bike….impossible!!!"

31. The Defendant, REDA INNOVATIONS, LLC, acknowledge through advertisement on their website that even the "very best" saddlebag lock can "vibrate and loosen."

32. The Defendant, REDA INNOVATIONS, LLC, sold and supplied saddlebag parts that they knew were defective. The saddlebag parts sold, supplied and installed on the Defendant, JANE E. HENDERSON's, motorcycle was considered "good." As a result of the substandard saddlebag lock, the saddlebag became unhinged from the motorcycle of the Defendant, JANE E. HENDERSON, causing a collision to occur and also causing injury to the Plaintiff, JENNIFER L. SUCHARDA.

33. The Defendant, REDA INNOVATIONS, LLC, acknowledge the risk of harm through the vibration. The product sold and supplied by this Defendant to the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, that installed the saddlebag lock on the Defendant, JANE E. HENDERSON's, motorcycle was of a lesser quality that would not prevent the risk of harm from occurring.

34. The Defendant, REDA INNOVATIONS, LLC, should have identified the potential risks, hazards, and dangers to the users and the vehicles around during foreseeable usages.

35. The Defendant, REDA INNOVATIONS, LLC, should have conducted an Engineering Safety Analysis which includes but is not limited to eliminating the risk, hazard or danger, guarding against the risk, hazard, or danger and warning about the risk, hazard, or danger if eliminating or guarding is not possible.

36. The Defendant, REDA INNOVATIONS, LLC, failed to have a properly engineered fastener guard in order to eliminate the risk of the fasteners loosening and allowing the saddlebags to detach while riding.

37. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, did not have locking elements on the Reda Saddlebag lock that was installed on the Defendant, JANE E. HENDERSON's, motorcycle. Upon information and belief, the lack of a locking element in the Defendant, REDA INNOVATIONS, LLC's, design is improper.

38. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, failed to follow the proper engineering process and also failed to perform a proper engineering safety analysis.

39. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, failed to apply engineering principals, utilize recommendations, and follow guidelines in the design of the Reda Saddlebag Lock which allowed the Defendant, JANE E. HENDERSON's, saddlebag to fall off causing the Plaintiff, JENNIFER L. SUCHARDA, to crash and also causing her injuries.

40. Upon information and belief, on or about February 14, 2019, the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, ordered the "good" Reda Saddle Bag Locks from the Defendant, REDA INNOVATIONS, LLC. It was later discovered that the Defendant, REDA INNOVATIONS, LLC, recalled the "good" saddle bag lock. The new Reda Saddlebag Locks included a rubber washer which was to be placed between the steel washer and the threaded fastener. Upon information and belief, the rubber washer was not installed on the motorcycle driven by the Defendant, JANE E. HENDERSON.

41. Upon information and belief, the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, failed to warn the Defendant, JANE E. HENDERSON, about the risk of foreseeable harm of the saddle bag lock manufactured by the Defendant, REDA INNOVATIONS, LLC, that was installed by the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, in the vehicle driven by the Defendant, JANE E. HENDERSON.

42. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, determined that their original design was inadequate relative to the fasteners ability to keep from backing out. Upon information and belief, the original design of the Reda Saddlebag Lock did not include any mechanism to prevent the saddlebag fastener from rattling loose from the normal vibration found on a Harley Davidson motorcycle. Also, upon information and belief, the

Defendant, REDA INNOVATIONS, LLC's, new design is still inadequate and likely will not prevent the fastener from backing out under vibration.

43. As a direct and proximate result of the Defendant, REDA INNOVATIONS, LLC's, negligence and the resulting incident, the Plaintiff, JENNIFER L. SUCHARDA, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $320,411.64 and will continue in the future to incur medical expenses on account of such bodily injuries; and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact, has incurred a loss of wages, and property damage. The Plaintiff, JENNIFER L. SUCHARDA, has incurred expenses and has generally been damaged in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

**COUNT FOUR: NEGLIGENCE:
TWISTED TWINS CUSTOM MOTORCYCLES, LLC**

44. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through forty-three (43) with the same force and effect as though fully set forth herein.

45. At all times mentioned herein, the Plaintiff, JENNIFER L. SUCHARDA, was the driver of a certain 2012 Harley Davidson FLHX Motorcycle, in which said vehicle was owned by the Plaintiff, JENNIFER L. SUCHARDA.

46. At all times mentioned herein, the Defendant, JANE E. HENDERSON, was the owner and operator of a certain 2012 Harley Davidson HD FLSTN Motorcycle on July 19, 2018. Upon information and belief, the Defendant, REDA INNOVATIONS, LLC, manufactured

saddlebag motorcycle parts that were installed by the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, in the motorcycle driven by the Defendant, JANE E. HENDERSON.

47. On or about July 19, 2018, the Plaintiff, JENNIFER L. SUCHARDA, was the driver of a vehicle that was traveling northbound on Interstate 94 at or near the 27th Street exit, in the Village of Caledonia, in the County of Racine, in the State of Wisconsin. The Plaintiff, JENNIFER L. SUCHARDA, was traveling directly behind the vehicle driven by the Defendant, JANE E. HENDERSON.

48. On or about July 19, 2018, the Defendant, JANE E. HENDERSON, was operating said 2012 Harley Davidson HD FLHX Motorcycle, northbound on Interstate 94 at or near the 27th Street exit, in the Village of Caledonia, in the County of Racine, in the State of Wisconsin. The Defendant, JANE E. HENDERSON's, 2012 Harley Davidson FLSTN Motorcycle was traveling directly in front of the vehicle driven by the Plaintiff, JENNIFER L. SUCHARDA, when the right saddlebag became unhinged from her motorcycle landing in the roadway in the lane of travel of the Plaintiff, JENNIFER L. SUCHARDA, causing the Plaintiff's motorcycle to strike the saddlebag and also causing injury to the Plaintiff.

49. Upon information and belief, the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, knew or should have known that the saddle bag part that was manufactured and sold by the Defendant, REDA INNOVATIONS, LLC, was faulty, defective, and had the foreseeable risk of causing harm.

50. The Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC, was negligent when they failed to notify the Defendant, JANE E. HENDERSON, about the faulty and/or defective saddle bag part manufactured by the Defendant, REDA INNOVATIONS, LLC, which resulted in the accident, causing injury to the Plaintiff, JENNIFER L. SUCHARDA.

51. As a direct and proximate result of the Defendant, TWISTED TWINS CUSTOM MOTORCYCLES, LLC's, negligence and the resulting incident, the Plaintiff, JENNIFER L. SUCHARDA, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $320,411.64 and will continue in the future to incur medical expenses on account of such bodily injuries; and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact, has incurred a loss of wages, and property damage. The Plaintiff, JENNIFER L. SUCHARDA, has incurred expenses and has generally been damaged in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

**COUNT FIVE: NEGLIGENCE: JANE E. HENDERSON**

52. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through fifty-one (51) with the same force and effect as though fully set forth herein.

53. At all times mentioned herein, the Defendant, JANE E. HENDERSON, was the owner and operator of a certain 2012 Harley Davidson HD FLSTN Motorcycle on July 19, 2018.

54. On or about July 19, 2018, the Defendant, JANE E. HENDERSON, was operating said 2012 Harley Davidson HD FLHX Motorcycle, northbound on Interstate 94 at or near the 27th Street exit, in the Village of Caledonia, in the County of Racine, in the State of Wisconsin. The Defendant, JANE E. HENDERSON's, 2012 Harley Davidson FLSTN Motorcycle was traveling directly in front of the vehicle driven by the Plaintiff, JENNIFER L. SUCHARDA, when the right saddlebag became unhinged from her motorcycle landing in the

roadway in the lane of travel of the Plaintiff, JENNIFER L. SUCHARDA, causing the Plaintiff's motorcycle to strike the saddlebag and also causing injury to the Plaintiff.

55. Upon information and belief, the Defendant, JANE E. HENDERSON, failed to maintain and inspect her motorcycle to keep in a proper working order putting others at risk of harm.

56. As a direct and proximate result of the Defendant, JANE E. HENDERSON's, negligence and the resulting incident, the Plaintiff, JENNIFER L. SUCHARDA, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $320,411.64 and will continue in the future to incur medical expenses on account of such bodily injuries; and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact, has incurred a loss of wages, and property damage. The Plaintiff, JENNIFER L. SUCHARDA, has incurred expenses and has generally been damaged in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

WHEREFORE, Plaintiff, JENNIFER L. SUCHARDA, demands judgment against all of the Defendants herein in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, together with costs and disbursements, and any other and further relief the Court may deem just and equitable.

**GRUBER LAW OFFICES, LLC**

Dated: June 3, 2021.  By: _____s/ Phillip S. Georges_____
Phillip S. Georges, SBN: 1056511
Email: PSG@gruber-law.com


John J. Hansen, SBN: 1092049
Email: JJH@gruber-law.com

Attorneys for Plaintiff
100 E. Wisconsin Avenue, Suite 2800
Milwaukee, WI 53202
Telephone No. 414.276.6666
Facsimile: 414.977.3831